CDF LABOR LAW LLP
   Kent J. Sprinkle, State Bar No. 226971
   ksprinkle@cdflaborlaw.com
   Desiree J. Ho, State Bar No. 313250
   dho@cdflaborlaw.com
   Rosario R. Stoliker, State Bar No. 328318
   rstoliker@cdflaborlaw.com
4660 La Jolla Village Drive, Suite 740
San Diego, CA 92122
Telephone: (858) 646-0007

Attorneys for Defendants
ASRC INDUSTRIAL SERVICES, LLC, D2
(SQUARED) INDUSTRIAL SERVICES, LLC
(sued as D2 Industrial Services), and F.D.
THOMAS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MELENA, JR., individually, and on behalf of other aggrieved employees pursuant to the California Private General Attorneys Act,<br><br>        Plaintiff,<br><br>v.<br><br>ASRC INDUSTRIAL SERVICES, LLC, an unknown business entity; D2 INDUSTRIAL SERVICES, an unknown business entity; F.D. THOMAS, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-06769 PA(Ex)<br><br>(Removed from:<br>Los Angeles County Superior Court, Case No. 21CMCV00146)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>District Judge: Hon. Percy Anderson<br>Magistrate: Hon. Charles F. Eick<br><br>Date:   December 20, 2021<br>Time:  1:30 p.m.<br>Ctrm:  9A<br>       Judge: Percy Anderson<br><br>Action Filed:  June 10, 2021<br>Motion Cutoff: May 9, 2022<br>Disc. Cutoff:  May 2, 2022<br>Trial Date:   July 12, 2022 |

CDF LABOR LAW LLP

1902737.2

Defendants ASRC INDUSTRIAL SERVICES, LLC, D2 (SQUARED) INDUSTRIAL SERVICES, LLC (sued as D2 Industrial Services), and F.D. THOMAS, INC. provide their Reply to Plaintiff's Statement of Genuine Issues in Support of Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication as follows:

## I.  Response to Plaintiff's Statement of Genuine Issues

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. Plaintiff was employed by D2 (SQUARED) Industrial Services, LLC ("D2") as a Scaffolder from August 2020 through October 2020.<br><br>Declaration of Terra Wells in Support of Defendants' Motion for Summary Judgment ("Wells Decl.") ¶ 4; ECF 1-1, Defendants' Notice of Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Ex. A, Complaint at ¶ 22. | 1. **Undisputed** |
| 2. Plaintiff was never employed by F.D. Thomas, Inc. ("FDT") or ASRC Industrial Services, LLC ("AIS").<br><br>Wells Decl. ¶ 4. | 2. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 4.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 704, 602 and L-R 7-7 and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 4 statement that "Plaintiff was never employed by AIS or FDT. |
| **Defendants' Response** | |
| 2. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments.  Plaintiff could have presented | |

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| evidence within his personal knowledge disputing this fact, yet he failed to present a single fact in opposition. Plaintiff has raised no genuine triable issue of material fact. | |
| 3. On or about July 1, 2016, United General Contractors, Inc. and the Southwest Regional Council of Carpenters and Local Unions in the Twelve Southern California Counties and Nevada Affiliated with the United Brotherhood of Carpenters and Joiners of America ("Union") entered into a collective bargaining agreement ("CBA").<br><br>Wells Decl. ¶ 5, Ex. A; Declaration of Stephen Araiza ("Araiza Decl.") ¶ 4, Ex. A. | 3. **Undisputed** |
| 4. The CBA is effective from July 1, 2016 to June 30, 2022.<br><br>Wells Decl. ¶ 6, Ex. A at 47; Araiza Dec. ¶ 4, Ex. A at 46. | 4. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 6, Ex. A at 47; Araiza Dec. ¶ 4, Ex. A at 46.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, 901, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 6 that "[t]he CBA is effective from July 1, 2016 to June 30, 2022."<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. to Araiza Decl. ¶ 4 regarding effective dates and what the CBA "governs" or "incorporates." |
| **Defendants' Response** | |
| 4. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with | |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA and its various amendments and modifications.  Plaintiff has raised no genuine triable issue of material fact. | |
| 5. The CBA governs all work performed pursuant to the CBA.<br><br>Araiza Decl. ¶¶ 4, 8. | 5. **Disputed**<br><br>Defendants' Evidence:<br>Araiza Decl. ¶¶ 4, 8.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4)to Araiza Decl. ¶ 4 regarding what that the CBA "governed" by and "incorporated" into the CBA.<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4)to Araiza Decl. ¶ 8 regarding what that the SWRCC "considers" the CBA to mean or what is "incorporated" into the CBA. |
| **Defendants' Response** | |
| 5. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA and its various amendments and modifications.  Plaintiff has raised no genuine triable issue of material fact. | |
| 6. At the time D2 employed Plaintiff, he was a member of the Union.<br><br>Wells Decl. ¶ 12, 13, Exs. C, D; Araiza Decl. ¶ 5. | 6. **Undisputed** |

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 7. Plaintiff was dispatched by the Union to perform work for D2 on various projects between August 2020 and October 2020.<br><br>Araiza Decl. ¶ 5; Wells Decl. ¶ 13, Ex. D. | 7. **Undisputed** |
| 8. At all times that D2 employed Plaintiff, Plaintiff only performed work in the Southern California counties listed in the CBA.<br><br>Wells Decl. ¶ 9. | 8. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 9.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 9. |

**Defendants' Response**

8. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections. The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments. Plaintiff could have presented evidence within his personal knowledge disputing this fact, yet he failed to present a single fact in opposition. Plaintiff has raised no genuine triable issue of material fact.

| | |
|---|---|
| 9. For the duration of his employment with D2, the terms and conditions of Plaintiff's employment were governed by the CBA.<br><br>Wells Decl. ¶ 8. | 9. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 8.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 8. |

**Defendants' Response**

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 9. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments.  Plaintiff could have presented evidence within his personal knowledge disputing this fact, yet he failed to present a single fact in opposition.  Plaintiff has raised no genuine triable issue of material fact. | |
| 10. Under the CBA, "[t]he Contractors are engaged in construction work in Southern California and, in the performance of their present and future operations, are employing and will employ workmen under the terms of this [CBA]." <br><br> Wells Decl. ¶ 5, Ex. A at 11; Araiza Dec. ¶ 4, Ex. A at 10. | 10. **Undisputed** |
| 11. The Union itself is comprised of workers covering a large scope of construction services, including carpenters, cabinet installers, floor workers, scaffold builders, insulation installers, pile drivers, and more. <br><br> Wells Decl. ¶ 5, Ex. A at 57-58; Araiza Dec. ¶ 4, Ex. A at 56-57. | 11. **Undisputed** |
| 12. D2 provides industrial insulation, scaffolding, and other specialized services in the construction industry. <br><br> Wells Decl. ¶ 11. | 12. **Undisputed** |
| 13. A Memorandum of Understanding containing a PAGA waiver pursuant to California Labor Code Section | 13. **Undisputed** |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 2699.6, was executed on January 4, 2019 by the Union and United General Contractors, Inc.<br><br>Araiza Decl. ¶ 4, Ex. A at 189-90. | |
| 14. The Recitals in the CBA state, "WHEREAS, Governor Jerry Brown signed Assembly Bill 1654 ("AB 1654") on September 19,2018, [*sic*] which added Section 2699.6 to the Labor Code; WHEREAS, AB 1654 exempts from the coverage of the Private Attorney Generals Act (Part 13 of Division 2 of the Labor Code (commencing with Section 2698)) ("PAGA") any 'employee in the construction industry,' as that term is defined by Labor Code §2699.6(d), with respect to work performed under a valid collective bargaining agreement that meets the requirements of AB 1654, in particular, Labor Code §2699.6(a) ("Exemption"); WHEREAS, the application of that Exemption requires satisfaction of certain conditions set forth in Labor Code §2699.6(a)(1)-(3), which mandates that a collective bargaining agreement such as this Agreement contain wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate and the | 14. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 5, Ex. A at 153, Appendix O; Araiza Decl. ¶ 4, Ex. A at 152, Appendix O.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, 403, 901 L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 5 that the referenced "Exhibit A" is a "true and correct copy" of the CBA "entered into" on "July 1, 2016."<br><br>Objection under Fed. R. Evid. 1004 and 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 4 that "all amendments, MOUs, wage increase sheets, and other modifications," have been "negotiated and incorporated into the CBA" |

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| following provisions: (1) Prohibits all of the violations of the Labor Code that would be redressable pursuant to PAGA, and provides for a grievance and binding arbitration procedure to redress those violations. (2) Expressly waives the requirements of PAGA in clear and unambiguous terms. (3) Authorizes the arbitrator to award any and all remedies otherwise available under the Labor Code, provided that nothing in this section authorizes the award of penalties under this part that would be payable to the Labor and Workforce Development Agency. WHEREAS, Article VI of this Agreement contains provisions authorizing the filing of a grievance which can be pursued to final and binding arbitration ("Grievance / Arbitration Machinery"); WHERAS, [*sic*] the Parties wish to avail themselves of this Exemption by agreeing to the terms of this MOU; WHEREAS, all Recitals shall be deemed Resolutions and all Resolutions shall be deemed Recitals." Wells Decl. ¶ 5, Ex. A at 153, Appendix O; Araiza Decl. ¶ 4, Ex. A at 152, Appendix O. | |

**Defendants' Response**

14. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| technical objections. The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA and its various amendments and modifications. Plaintiff has raised no genuine triable issue of material fact. | |
| 15. The Resolutions in the CBA state, "WHEREFORE, the parties clearly and unambiguously waive the provisions of PAGA, and agree that none of the provisions of PAGA shall apply to any of the employees covered by this Agreement; WHEREFORE, the parties agree that the Union may file a grievance pursuant to this Agreement's Grievance / Arbitration Machinery and such a grievance can assert violations of the Labor Code that are redressable by PAGA, which include those sections enumerated in Labor Code §§ 2699.5 and 2699(f) and any others to ensure application of the Exemption; WHEREFORE, an arbitrator presiding over an arbitration conducted pursuant to the Grievance / Arbitration Machinery shall have the authority to make an award of any all [*sic*] remedies otherwise available under the Labor Code except for an award of penalties that would be payable to the Labor and Workforce Development Agency, and that any Labor Code violations asserted by the Union that are redressable by PAGA will be deemed violations of | 15. **Disputed** <br><br> Defendants' Evidence: <br> Wells Decl. ¶ 5, Ex. A at 153-54, Appendix O; Araiza Decl. ¶ 4, Ex. A at 152-53, Appendix O. <br><br> Evidentiary Objection: <br> Objection under Fed. R. Evid. 1004, 704, 602, 403, 901 L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 5 that the referenced "Exhibit A" is a "true and correct copy" of the CBA "entered into" on "July 1, 2016." <br><br> Objection under Fed. R. Evid. 1004 and 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 4 that "all amendments, MOUs, wage increase sheets, and other modifications," have been "negotiated and incorporated into the CBA" |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| this Agreement if so found by the arbitrator; WHEREFORE, the parties agree that the terms of this MOU meet all conditions for application of the Exemption in AB 1654." Wells Decl. ¶ 5, Ex. A at 153-54, Appendix O; Araiza Decl. ¶ 4, Ex. A at 152-53, Appendix O. | |

**Defendants' Response**

15. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA and its various amendments and modifications.  Plaintiff has raised no genuine triable issue of material fact.

| | |
|---|---|
| 16. The CBA states, "The Union and the Contractors, by this Agreement, intend to establish uniform rates of pay, hours of employment and working conditions for the employees covered by this Agreement." Wells Decl. ¶ 5, Ex. A 11; Araiza Decl. ¶ 4, Ex. A at 10. | 16. **Undisputed** |
| 17. The CBA provides detailed wage schedules for all employees covered by the CBA. Wells Decl. ¶ 5, Ex. A at 57-66, Art. XVIII; Araiza Decl. ¶ 4, Ex. A at 56-65, Art. XVIII. | 17. **Undisputed** |
| 18. The CBA sets forth the wage rates applicable to work performed under | 18. **Undisputed** |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| the CBA.<br><br>Wells Decl. ¶ 5, Ex. A at 57-66, Art. XVIII; Araiza Decl. ¶ 4, Ex. A at 56-65, Art. XVIII. | |
| 19. In 2020, the California minimum wage rate for employers with more than 25 employees was $13.00 per hour.<br><br>Request for Judicial Notice, Declaration of Kent J. Sprinkle in Support of Defendants' Motion for Summary Judgment ("Sprinkle Decl.") ¶ 4 (citing Cal. Lab. Code § 1182.12(b)(1)(D)), Ex. 1. | 19. **Undisputed** |
| 20. In 2016, the California minimum wage rate for all employers was $10.00 per hour.<br><br>Request for Judicial Notice, Sprinkle Decl. ¶ 5 (citing Cal. Lab. Code § 1182.12(b)), Ex. 1. | 20. **Undisputed** |
| 21. The lowest hourly wage rate authorized by the CBA in 2016 was $14.14 an hour.<br><br>Wells Decl. ¶ 5, Ex. A at 58, Art. XVIII; Araiza Decl. ¶ 4, Ex. A at 57, Art. XVIII. | 21. **Undisputed** |
| 22. According to the wage scales in the CBA, the Union was entitled to allocate an increase of approximately $2.00 per hour each year across wages and/or benefits.<br><br>Wells Decl. ¶ 5, Ex. A at 58, Art. XVIII; Araiza Decl. ¶ 4, Ex. A at 57, Art. XVIII. | 22. **Undisputed** |

11

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 23. D2 received a letter from the Union, dated June 8, 2020, addressed to "All Contractors Signed to the Southern California Scaffold Agreement," attaching wage sheets reflecting the increase in wages, health and welfare, and other benefits in accordance with the CBA, effective July 1, 2020.<br><br>Wells Decl. ¶ 14, Ex. E. | 23. **Undisputed** |
| 24. Plaintiff was initially assigned the hourly wage rate of $24.33 in accordance with the 7th period of the Scaffold Industrial Maintenance Wage Journey & Apprentice Rates.<br><br>Wells Decl. ¶¶ 13, 14, Ex. D at 184, Ex. E at 188. | 24. **Undisputed** |
| 25. At all times that D2 employed Plaintiff, Plaintiff was paid wages in accordance with the wage rates set in the wage sheets provided by the Union.<br><br>Wells Decl. ¶ 14. | 25. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 14.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 14 |

**Defendants' Response**

25. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments.  Plaintiff could have presented evidence within his personal knowledge disputing this fact, yet he failed to present a single fact in opposition.  Plaintiff has raised no genuine triable issue of material fact.

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 26. At all times that D2 employed Plaintiff, Plaintiff was paid an hourly wage rate of at least $24.33.<br><br>Wells Decl. ¶ 14. | 26. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 14.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 14 |

| **Defendants' Response** |
|---|
| 26. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments.  Plaintiff could have presented evidence within his personal knowledge disputing this fact, yet he failed to present a single fact in opposition.  Plaintiff has raised no genuine triable issue of material fact. |

| | |
|---|---|
| 27. The CBA provides for the start and stop times for single shifts, multiple shifts, and special shifts, and when overtime rates must be paid for certain hours worked.<br><br>Wells Decl. ¶ 5, Ex. A at 48-55, Art. XVI; Araiza Decl. ¶ 4, Ex. A at 47-54, Art. XVI. | 27. **Undisputed** |
| 28. The CBA covers the employees' working conditions including safety, parking, drinking water, and jobsite transportation.<br><br>Wells Decl. ¶ 5, Ex. A at 42-43, Art. X; Araiza Decl. ¶ 4, Ex. A at 41-42, Art. X. | 28. **Undisputed** |
| 29. The CBA states, "All overtime Monday through Friday shall be at | 29. **Undisputed** |

13

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| the rate of one and one-half (1½) the regular straight time hourly rate for the first four hours of overtime worked and shall be paid at double the straight time hourly rate after twelve hours of work. Saturday, unless it is a makeup day, shall be at the rate of one and one-half (1½) times the straight time rate for the first eight (8) hours of work and double (2) the straight time hourly rate after eight hours of work. All hours worked on Sundays and Holidays shall be paid at double the straight time hourly rate." Wells Decl. ¶ 5, Ex. A at 65, Art. XVIII; Araiza Decl. ¶ 4, Ex. A at 64, Art. XVIII. | |
| 30. The CBA states, "all employee disputes concerning violations of, or arising under Wage Order 16 (except as noted in the immediately preceding paragraph), the California Labor Code Sections identified in California Labor Code section 2699.5 as amended, the California Private Attorneys General Act (Labor Code section 2698, et seq.), and federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act (hereinafter 'Statutory Dispute' or 'Statutory Disputes') shall be subject to and must be processed by the employee | 30. **Disputed** Defendants' Evidence: Wells Decl. ¶ 5, Ex. A at 151, Appendix M; Araiza Decl. ¶ 4, Ex. A at 150, Appendix M. Evidentiary Objection: Objection under Fed. R. Evid. 1004, 704, 602, 403, 901 L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 5 that the referenced "Exhibit A" is a "true and correct copy" of the CBA "entered into" on "July 1, 2016." Objection under Fed. R. Evid. 1004 and 704, 602 and L-R 7-7 to Araiza Decl. ¶ 4 stating "all amendments, MOUs, wage increase sheets, and other |

CDF LABOR LAW LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| pursuant to the procedures set forth in this Appendix M as the sole and exclusive remedy."  Wells Decl. ¶ 5, Ex. A at 151, Appendix M; Araiza Decl. ¶ 4, Ex. A at 150, Appendix M. | modifications," have been "negotiated and incorporated into the CBA." |

**Defendants' Response**

30. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA and its various amendments and modifications.  Plaintiff has raised no genuine triable issue of material fact.

| | |
|---|---|
| 31. The CBA states, "The Arbitrator shall have full authority to fashion such remedies and award relief consistent with limitations under federal and state law, and precedent established thereunder, whether by way of damages or the award of attorneys' fees and other costs, orders to cease and desist, or any and all other reasonable remedies designed to correct any violation which the Arbitrator may have found to have existed, including such remedies as provided under applicable state or federal law or regulation. The decision of the Arbitrator is final and binding upon the parties and is enforceable in a court of competent jurisdiction."  Wells Decl. ¶ 5, Ex. A at 151-52, Appendix M; Araiza Decl. ¶ 4, Ex. | 31. **Disputed**  <u>Defendants' Evidence</u>: Wells Decl. ¶ 5, Ex. A at 151-52, Appendix M; Araiza Decl. ¶ 4, Ex. A at 150-51, Appendix M.  <u>Evidentiary Objection</u>: Objection under Fed. R. Evid. 1004, 704, 602, 403, 901 L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 5 that the referenced "Exhibit A" is a "true and correct copy" of the CBA "entered into" on "July 1, 2016."  Objection under Fed. R. Evid. 1004 and 704, 602 and L-R 7-7 to Araiza Decl. ¶ 4 stating "all amendments, MOUs, wage increase sheets, and other modifications," have been "negotiated and incorporated into the CBA." |

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| A at 150-51, Appendix M. | |
| **Defendants' Response** | |
| 31. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA and its various amendments and modifications.  Plaintiff has raised no genuine triable issue of material fact. | |
| 32. The United Brotherhood of Carpenters and Joiners of America ("UBC") is one of North America's largest building trade unions, with over a half-million members.  There are 26 regional and district councils geographically aligned with today's construction markets, and 19 of these are located in the United States.  Each region oversees numerous individual local unions.

Declaration of Anthony Graziano ("Graziano Decl.") ¶ 1. | 32. **Undisputed** |

16

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 33.  The UBC entered into an agreement with D2 (Squared) Industrial Services, LLC ("D2"), effective October 19, 2017, in which D2 agreed, among other things, "to recognize the jurisdictional claims of the International Union and to comply with the contractual wages, fringe benefits, hours and other working conditions established between the Union affiliates and the employers and employer agencies in the localities in which the Employer [D2] does any work within the jurisdiction of the International Union."  ("International Agreement").<br><br>Wells Decl. ¶ 10, Ex. B at 177; Graziano Decl. ¶ 4, Ex. 1 at 7. | 33. **Disputed**<br><br>Defendants' Evidence:<br>Wells Decl. ¶ 10, Ex. B at 177; Graziano Decl. ¶ 4, Ex. 1 at 7.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 10 that "the CBA governed Plaintiff's employment with D2"<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 4. |

**Defendants' Response**

33. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact.

| | |
|---|---|
| 34. The UBC established a standardized agreement with contractors performing carpentry work within the jurisdiction of multiple regional councils which requires that such contractors, among other things, "comply with the contractual wages, fringe | 34. **Disputed**<br><br>Defendants' Evidence:<br>Araiza Decl. ¶ 6; Wells Decl. ¶ 10, Ex. B at 177.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| benefits, hours and other working conditions established between the Union affiliates and the employers and employer agencies in the localities in which the Employer does any work within the jurisdiction of the International Union."  The International Agreement contains this same language.

Araiza Decl. ¶ 6; Wells Decl. ¶ 10, Ex. B at 177. | 602, L-R 7-7, and F. R. Civ. P 56(c)(4) to Araiza Decl. ¶ 6 about what any an agreement "requires" of any party.

Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 10 that "the CBA governed Plaintiff's employment with D2" |

**Defendants' Response**

34. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact.

| 35. Under the International Agreement, D2 is bound by and must therefore comply with all of the terms and conditions of the regional collective bargaining agreements negotiated by the UBC's affiliates, including but not limited to any and all amendments and MOUs to the collective bargaining agreements negotiated by the regional affiliate.

Graziano Decl. ¶¶ 4, 5, Ex. 1; Araiza Decl. ¶ 7. | 35. **Disputed**

Defendants' Evidence:
Graziano Decl. ¶¶ 4, 5, Ex. 1; Araiza Decl. ¶ 7.

Evidentiary Objection:
Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 4 about whether or when D2 "agreed" to "recognize" or "comply" with anything.

Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. |

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 56(c)(4) to Graziano Decl. ¶ 5 about what the International Agreement "**means**" and that "D2 is **bound** by and must therefore comply with" the CBA, including any amendments.<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 7 that that D2 is "**bound** by" the CBA, including amendments, that have been "incorporated" therein. |
| **Defendants' Response** | |
| 35. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact. | |
| 36. D2 is bound by all regional collective bargaining agreements for work it performs in each region, including any and all amendments and MOUs to regional collective bargaining agreements, including amendments, MOUs, or other modifications executed on or after the date that the International Agreement was signed.<br><br>Graziano Decl. ¶¶ 4, 5, Ex. 1; Araiza Decl. ¶ 7. | 36. **Disputed**<br><br><u>Defendants' Evidence</u>:<br>Graziano Decl. ¶¶ 4, 5, Ex. 1; Araiza Decl. ¶ 7.<br><br><u>Evidentiary Objection</u>:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 4 that D2 "entered into an agreement" and that D2 "is bound to and must therefore comply with" certain terms.<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 5 that D2 |

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | regarding what the International Agreement "**means**" and that D2 "is bound to and must therefore comply with" certain terms. |
| | Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 7 that that D2 is "bound by" the CBA, including amendments, that have been "incorporated" therein. |

**Defendants' Response**

36. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact.

| | |
|---|---|
| 37. The International Agreement's "Duration" provision states that it is effective "as of the below [October 19, 2017] execution date and shall remain in effect for three (3) years from that date, and it shall automatically renew itself for subsequent three-year periods unless written notice to terminate is given by either party to the other…."<br><br>Graziano Decl. ¶ 5, Ex. 1 at 9; Wells Decl. ¶ 10, Ex. B at 179. | 37. **Disputed**<br><br>Defendants' Evidence:<br>Graziano Decl. ¶ 5, Ex. 1 at 9; Wells Decl. ¶ 10, Ex. B at 179.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 5 about what the International Agreement "**means**" and that "D2 is bound by and must therefore comply with" the CBA, including any amendments.<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Wells Decl. ¶ 10 that the CBA |

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | "governed Plaintiff's employment with D2" or that D2 agreed to comply with the contractual terms" and "other working conditions." |

| Defendants' Response | |
|---|---|
| 37. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact. | |

| 38. Neither D2 nor the UBC has terminated the International Agreement as of October 29, 2021.<br><br>Graziano Decl. ¶ 5. | 38. **Undisputed** |
| 39. The International Agreement binds D2 to follow the CBA's terms and conditions, including all amendments and MOUs, in the same manner each collective bargaining agreement binds any other contractor to the CBA, regardless of whether D2 is a member of an employer association that negotiated the CBA.<br><br>Graziano Decl. ¶¶ 6-7; Araiza Decl., ¶ 7. | 39. **Disputed**<br><br>Defendants' Evidence:<br>Graziano Decl. ¶¶ 6-7; Araiza Decl., ¶ 7.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 401, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 6 that the International Agreement "**binds** D2 to follow" certain CBA "terms and conditions, including all amendments and MOUs." |

CDF LABOR LAW LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Objection under Fed. R. Evid. 1004, 704, 401, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 7 that the International Agreement regarding "the **UBC's understanding**" of a contract and what is "**binding** upon D2"<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 7 that that D2 is "**bound** by" the CBA, including amendments, that have been "incorporated" therein. |
| **Defendants' Response** ||
| 39. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact. ||
| 40. The Union is an affiliate of the UBC.<br><br>Graziano Decl. ¶ 6. | 40. **Undisputed** |
| 41. All work that D2 has done in geographic regions under the jurisdiction of the Union is subject to the CBA, including any amendments and MOUs to the CBA.<br><br>Graziano Decl. ¶ 6; Araiza Decl. ¶ 7. | 41. **Disputed**<br><br>Defendants' Evidence:<br>Graziano Decl. ¶ 6; Araiza Decl. ¶ 7.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 401, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 6 that the International Agreement "**bind**s D2 to follow" certain CBA "terms and conditions, including all amendments and |

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | MOUs." |
| | Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 7 that that D2 is "**bound** by" the CBA, including amendments, that have been "incorporated" therein. |

| **Defendants' Response** |
|---|
| 41. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the International Agreement and its effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact. |

| 42. The Union considers all amendments, MOUs, and other written modifications to the CBA to be incorporated into, and a part of, the CBA governing all work performed by Union members within the geographic area described in the CBA. | 42. **Disputed**<br><br>Defendants' Evidence:<br>Araiza Decl. ¶¶ 7-8; Graziano Decl. ¶ 6.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 7 that that D2 is "**bound** by" the CBA, including amendments, that have been "incorporated" therein.<br><br>Objection under Fed. R. Evid. 1004, 704, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Araiza Decl. ¶ 8 about what the SWRCC "considers" is the contract's meaning.<br><br>Objection under Fed. R. Evid. 1004, 704, |

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 401, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 6 that the International Agreement "**binds** D2 to follow" certain CBA "terms and conditions, including all amendments and MOUs." |

| **Defendants' Response** | |
|---|---|
| 42. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments.  Plaintiff has raised no genuine triable issue of material fact. | |

| 43. It is the UBC's understanding that the Memorandum of Understanding regarding the PAGA waiver ("PAGA MOU"), executed on January 4, 2019, is binding upon D2, in the same manner that any and all other amendments, MOUs, and other modifications to the CBA are binding on D2.<br><br>Graziano Decl. ¶ 7. | 43. **Disputed**<br><br>Defendants' Evidence:<br>Graziano Decl. ¶ 7.<br><br>Evidentiary Objection:<br>Objection under Fed. R. Evid. 1004, 704, 401, 602, L-R 7-7, and F. R. Civ. P. 56(c)(4) to Graziano Decl. ¶ 7 that the International Agreement regarding "the *UBC's understanding*" of a contract and what is "**binding** upon D2" |

| **Defendants' Response** | |
|---|---|
| 43. Plaintiff does not dispute this uncontroverted fact but merely challenges the sufficiency of the evidence set forth by Defendants establishing this fact with technical objections.  The impropriety of Plaintiff's objections is addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence, including but not limited to the fact that Plaintiff asserts these objections as an opportunity to advance his legal arguments regarding the interpretation of the CBA, its various amendments and modifications, and the International Agreement's effect on the CBA.  Plaintiff has raised no genuine triable issue of material fact. | |

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 44. The CBA expressly provides for meal periods.<br><br>Wells Decl. ¶ 5, Ex. A at 41-42, Art. XI; Araiza Decl. ¶ 4, Ex. A at 40-41, Art. XI. | 44. **Undisputed** |
| 45. The CBA requires "all disputes concerning the interpretation or application of the Agreement to arbitration under this Article VI."<br><br>Wells Decl. ¶ 5, Ex. A at 33-34, Art. VI; Araiza Decl. ¶ 4, Ex. A at 32-33, Art. VI. | 45. **Disputed**<br><br>"The CBA: as referred to in this alleged fact does not state whether it refers to the version of the CBA as originally executed in 2016, or to some other version or amendment yet to be produced to Plaintiff during discovery." |
| **Defendants' Response** | |
| 45. Plaintiff does not dispute this uncontroverted fact or challenge the sufficiency of the evidence set forth by Defendants establishing this fact.  Plaintiff has raised no genuine triable issue of material fact.  Plaintiff does not appear to be asserting any evidentiary objections, so this UMF 45 is not addressed in Defendants' concurrently filed Response to Plaintiff's Objections to Defendants' Evidence. | |
| 46. The CBA states that "The parties recognize the applicability of Industrial Welfare Commission Wage Order 16 to work performed under this Agreement.  Any alleged violation of Wage Order 16 shall constitute a grievance which shall be recognized under the grievance procedure of this Agreement.  The grievance procedure detailed in Article VI shall be the exclusive method for resolving all alleged violations of Wage Order 16 and the time limitations of the grievance procedure shall apply to the extent permitted by applicable local, state or federal law." | 46. **Undisputed** |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| Wells Decl. ¶ 5, Ex. A at 42, Art. IX; Araiza Decl. ¶ 4, Ex. A at 41, Art. IX. | |
| 47. The CBA states that, "When men are laid off or discharged, they must be paid wages due them at the time of layoff or discharge."<br><br>Wells Decl. ¶ 5, Ex. A at 40, Art. IX; Araiza Decl. ¶ 4, Ex. A at 39, Art. IX. | 47. **Undisputed** |
| 48. The CBA states that, "In the event the Employer fails to pay employees laid off or discharged, they shall be paid waiting time at the straight time rate of eight (8) hours per day, five (5) days per week, until the time such payment has been made."<br><br>Wells Decl. ¶ 5, Ex. A at 41, Art. IX; Araiza Decl. ¶ 4, Ex. A at 40, Art. IX. | 48. **Undisputed** |
| 49. The CBA states that, "All wages shall be paid on a designated weekly payday and in no event shall the Contractor withhold more than five (5) working days. If the regular payday falls on a holiday, the employees shall be paid on the next regular workday. Employees shall be paid prior to the ending of their regular shift. In the event an employee is not paid prior to the ending of his regular scheduled shift, he shall be compensated in increments of one-half (½) hour at the applicable overtime rate until such time as he does receive his pay." | 49. **Undisputed** |

CDF Labor Law LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| Wells Decl. ¶ 5, Ex. A at 40, Art. IX; Araiza Decl. ¶ 4, Ex. A at 39, Art. IX. | |
| 50. The CBA states that, "Carpenters, apprentices and pre-apprentices shall furnish their own tools, but shall not furnish, rent or lease saw horses, ladders, miter boxes, electric drills, automotive equipment to be used for the purpose of hauling or delivering individual Employers material or equipment, or any kind of power, cordless, or battery operated machines or saws. Each employee shall arrive on the job with tools in proper conditions. To implement this Section, the individual Carpenter shall provide a toolbox with a lock. If all or any part of the employee's tools are lost by reason of failure of the individual Employer to provide such a secure place, or by fire, flood, or theft involving unlawful entry while in the secure place designated by the individual Employer, the individual Employer shall reimburse such employee for any such loss." | 50. **Undisputed** |

27

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT OF GENUINE ISSUES

CDF LABOR LAW LLP

1902737.2

| Defendants' Uncontroverted Facts and Supporting Evidence ("UMF") | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| Wells Decl. ¶ 5, Ex. A at 54, Art. XVI; Araiza Decl. ¶ 4, Ex. A at 53, Art. XVI. | |
| 51. The CBA states that, "The Contractor will furnish for the use of his employees any necessary waterproof or foul weather gear, safety helmets, or any other necessary protective clothing as required by CAL-OSHA or the Contractor. Employees may be held momentarily responsible for such items properly checked out to them with the understanding that such items broken, worn out in normal use, or lost in a manner beyond the control of the employee are excluded."<br><br>Wells Decl. ¶ 5, Ex. A at 55, Art. XVI; Araiza Decl. ¶ 4, Ex. A at 54, Art. XVI. | 51. **Undisputed** |

Dated:  December 6, 2021          CDF LABOR LAW LLP
                                                        Desiree J. Ho
                                                        Rosario R. Stoliker


By: _____
                        Kent J. Sprinkle
Attorneys for Defendants
ASRC INDUSTRIAL SERVICES, LLC, D2
(SQUARED) INDUSTRIAL SERVICES, LLC (sued
as D2 Industrial Services), and F.D. THOMAS, INC.

DEFS' REPLY TO PLAINTIFF'S OPPO STMNT
OF GENUINE ISSUES

CDF Labor Law LLP

1902737.2